**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on October 4, 2012, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: October 4, 2012**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 12-10292 |
| | ) | |
| SHEELA GALE JADUD, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |
| | ) | |

### MEMORANDUM OF OPINION[1]

This matter is currently before the Court on the Chapter 7 trustee's objection to the debtor's claim of exemption in payments under an annuity that was originally purchased for the benefit of the debtor's son as part of a structured settlement for a personal injury tort. For the reasons that follow, the trustee's objection is overruled.

### JURISDICTION

An objection to a debtor's claim of exemption is a core proceeding under

---

[1] This opinion is not intended for official publication.

28 U.S.C. § 157(b)(2)(B). This Court has jurisdiction over core proceedings pursuant to 28 U.S.C. §§ 157(a) and 1334 and Local General Orders 84 and 2012-7 of the United States District Court for the Northern District of Ohio.

FACTUAL AND PROCEDURAL BACKGROUND

On January 17, 2012, the debtor filed a voluntary petition for bankruptcy relief under Chapter 7. In the debtor's Schedule C, the debtor claimed an exemption under Ohio Revised Code §§ 3911.10 and 2329.66(A)(6)(b) in an American General Annuity contract in the sum of $21,000.00. On March 9, 2012, the trustee objected to the debtor's claim of exemption, and on March 22, 2012, the debtor filed an amended Schedule C and this time claimed an exemption in the American General Annuity contract under Ohio Revised Code § 2329.66(A)(10)(b).

On March 23, 2012, the trustee filed an objection to the debtor's amended claim of exemption, arguing that § 2329.66(A)(10)(b) refers to retirement accounts and annuities, while the annuity at issue here relates to a structured settlement. On April 24, 2012, the debtor filed a response to the trustee's objection, and two days later the trustee filed a brief in support of his objection, again asserting that § 2329.66(A)(10)(b) "applies to pensions and annuities which are retirement accounts" and that the debtor's annuity is not a "retirement account." (Docket

2

#27.)

On May 1, 2012, the Court heard argument on this matter, and the parties agreed that the Court could resolve the matter without an evidentiary hearing, with the parties submitting stipulated facts and supplemental briefs. On July 9, 2012, the parties filed a statement of stipulated facts, which provide:

1. The debtor filed the within bankruptcy case on January 17, 2012, by filing a voluntary petition for relief.

2. Steven S. Davis is the duly appointed and qualified trustee herein.

3. The debtor is the beneficiary of an annuity . . . [.]

4. The aforesaid annuity was purchased on behalf of Richard Henry Jadud, Jr., the debtor's son, as a structured settlement of a personal injury claim.

5. At the time that the annuity was purchased, Richard Jadud, Jr., was the only beneficiary thereof.

6. The terms of the annuity contract are set forth in the certificate attached hereto as Exhibit "A".

7. Further terms of the annuity are set forth in the letter from Garey Pendergraft attached hereto as Exhibit "B".

8. Richard Jadud, Jr., created a special needs trust concerning the aforesaid annuity on or about January 26, 2005.

9. Richard Jadud, Jr., was the settler and beneficiary and Sheela Jadud was the trustee of that trust.

3

10. Thereafter, on October 5, 2010, Richard Jadud, Jr., died and Sheela Jadud, the debtor herein, inherited the aforesaid annuity.

11. In the bankruptcy proceeding described herein above, Sheela Jadud disclosed the beneficial interest in the aforesaid annuity.

12. Exemptions were claimed in and to said beneficial interest in the annuity at various times and, currently, an exemption is claimed pursuant to ORC §2329.66(A)(10)(b).

13. The trustee has timely objected to the exemption claimed in the aforesaid annuity.

14. The annuity is not a pension or retirement annuity of any type.

15. The annuity was not created or purchased for the benefit of the debtor.

(Docket #40.)  The trustee attached the Annuity Contract Certificate from

American General to the statement of stipulated facts, which provides in pertinent

part:

| | |
|---|---|
| Effective Date: | 12-01-1984 |
| Guaranteed Payments: | |
|     Beginning Date | 11-01-2010 |
|     Ending Date | 12-01-2014 |
|     Payment Amount | $567.00 |
|     Frequency of Payment | Monthly |
|     Annual Rate of Increase in Payments | $0.00 |

If the measuring life dies prior to payment of all installments during the guaranteed period, any remaining payment due shall be paid in accordance with the settlement agreement, as they become due.

This Certificate outlines annuity coverage.  It is not a contract, and

4

only the actual contract provisions will control.

(Docket #40.) The trustee also attached a letter from American General, which stated in pertinent part:

> This policy was purchased from our company by a defendant as part of a settlement purported to qualify under Internal Revenue Code Section l04(a)(2). In order for the payments to qualify as a tax free structured settlement annuity, the terms of the settlement agreement have to be reached and document has to be signed. The Settlement agreement also has to include the receipt of future payments. The annuitant (which is the person receiving the future payments) can have no ownership rights but simply receives the payments as they become due.

(*Id*.) Neither the actual annuity contract nor the tort settlement agreement were presented to the Court. On July 23, 2012, both parties filed supplemental briefs.

## DISCUSSION

Section 541 of the Bankruptcy Code provides that the commencement of a case creates an "estate," which, subject to a few specifically enumerated exceptions, is comprised of all the legal and equitable interests in property a debtor has at the commencement of the case. *See* 11 U.S.C. § 541. Section 522 of the Bankruptcy Code allows a debtor to claim certain property as exempt from the estate. States may adopt the federal exemptions provided in 11 U.S.C. § 522 or establish their own exemptions. *See* 11 U.S.C. § 522. Ohio has elected to opt-out of the federal exemptions. *See* Ohio Rev. Code § 2329.662. "Therefore, any

5

property that a debtor domiciled in Ohio seeks to exempt must fall within an exemption authorized under Ohio law or nonfederal bankruptcy law." *In re Schramm*, 431 B.R. 397, 400 (B.A.P. 6th Cir. 2010).

"The principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367, 127 S. Ct. 1105, 1107 (2007) (internal quotation marks and citations omitted). "Exemptions further this policy goal by allowing a debtor to protect property which is necessary for the survival of both the debtor and the debtor's family." *In re Schramm*, 431 B.R. at 400. "As such, exemptions are to be construed liberally in favor of the debtor." *Id.* (Citing *Daugherty v. Cent. Trust Co. of Ne. Ohio, N.A.*, 28 Ohio St. 3d 441, 504 N.E.2d 1100, 1104-05 (1986)). However, a liberal construction of the Ohio exemptions statute does not allow a court to enlarge the statute or strain its meaning. *Daugherty*, 504 N.E.2d at 1105. The trustee, as the objecting party, has the burden of proving that the exemption is not properly claimed. *See* Fed. R. Bankr. P. 4003(c).

The Court will divide its analysis of whether the debtor may exempt her annuity payments under Ohio Revised Code § 2329.66(A)(10)(b) into three separate questions: (1) Is the debtor's annuity the type of "annuity" that may be exempted under § 2329.66(A)(10)(b), (2) may a debtor exempt payments under an

6

annuity that was not created for her own benefit, and (3) are the payments reasonably necessary for the support of the debtor?

1.    *Is the Debtor's Annuity the Type of "Annuity" That May Be Exempted?*

Ohio Revised Code § 2329.66(A)(10)(b) provides that, with certain exceptions, a debtor may claim an exemption in "any pension, annuity, or similar plan or contract." Most courts are consistent in finding that simply calling a contract an "annuity" does not necessarily make it the type of annuity that may be exempted. *In re Cassell*, 443 B.R. 200, 204 (Bankr. N.D. Ga. 2010) (citing *In re Michael*, 339 B.R. 798, 801 (Bankr. N.D. Ga. 2005)). In *Rousey v. Jacoway*, 544 U.S. 320, 125 S. Ct. 1561 (2005), the Supreme Court construed the federal exemption provided by 11 U.S.C. § 522(d)(10)(E), which is similar to the exemption provided by Ohio Revised Code § 2329.66(A)(10)(b), and found that the common feature of all the plans in 11 U.S.C. § 522(d)(10)(E) "is that they provide income that substitutes for wages." *Rousey*, 544 U.S. at 331.

"To determine if a particular plan or contract 'provides income that substitutes for wages', courts examine 'the facts and circumstances surrounding the purchase of the contract, as well as the nature and contents of the contracts.' " *In re Cassell*, 443 B.R. at 204-05 (quoting *Andersen v. Ries* (*In re Andersen*), 259 B.R. 687, 691 (B.A.P. 8th Cir. 2001)). Courts have relied on the following

7

factors in determining whether a plan or contract provides income that substitutes for wages: (1) Were the periodic payments intended as a substitute for wages, (2) were contributions into the plan or contract made over time and were multiple contributions made, (3) is there a return on investment, (4) how much control can the owner exercise over the investment, and (5) was the investment a prebankruptcy planning measure? *In re Cassell*, 443 B.R. at 205 (citations omitted).

The first factor considers whether the periodic payments from the annuity were intended as a substitute for wages. The annuity in this case was purchased on behalf of the debtor's son as part of a structured settlement for a personal injury tort. The annuity provides a fixed monthly payment of $567.00 with no annual rate of increase in payments. Further, the annuity is to be paid for a total of 30 years, from its effective date on December 1, 1984, to its end date on December 1, 2014. This method of payments is similar to the type of payments one might receive from an employer-established retirement fund. *In re Cassell*, 443 B.R. at 205.

The second factor considers whether multiple contributions into the plan were made over time. Here, the annuity was originally purchased with a one-time payment as part of a structured settlement. While an annuity purchased outside

8

the context of workplace contributions over time would normally be less likely to qualify as exempt, the situation is different where "the [purchaser of the annuity] had no other opportunity through [the purchaser's] employment to obtain a pension plan over time." *In re Andersen*, 259 B.R. at 692. Based on the facts before the Court, it is not clear whether the debtor's son was unable to work as a result of the injury that led to his personal injury tort settlement. If the debtor's son was unable to work as a result of the injury, then he could not purchase a similar annuity contract over time from an employer. From a policy perspective, a personal injury that renders the victim incapable of working and unable to purchase an annuity through periodic contributions should not prohibit the victim from purchasing an otherwise exemptible annuity with a one-time payment from the proceeds of the personal injury settlement.

The third factor examines whether there was a return on investment. A plan or contract that returns the initial investment with earned interest is more likely to be a nonexemptible investment. *In re Cassell*, 443 B.R. at 207 (citations omitted). Here, neither the settlement agreement nor the actual annuity were presented to the Court; therefore, it is not clear whether the annuity provides a return on investment.

The fourth factor considers the amount of control the owner of the

9

investment is able to exercise over the investment. The more control an owner has over an investment, the less likely it is to qualify as an exempt investment. *In re Cassell*, 443 B.R. at 209 (citations omitted). The letter from American General submitted to the Court provides, "The annuitant (which is the person receiving the future payments) can have no ownership rights but simply receives the payments as they become due." (Docket #40.) Therefore, the debtor, as the owner of the annuity, cannot exercise control over the annuity. And fifth, with regard to whether the annuity was originally purchased as a prebankruptcy planning measure, the circumstances in this case do not convey any improper prebankruptcy planning. Specifically, the annuity was purchased for the benefit of the debtor's son more than two decades before the debtor initiated this bankruptcy case.

In *Rousey*, the Supreme Court explained that "while a pension provides retirement income, none of these other plans necessarily provides retirement income." *Rousey*, 544 U.S. at 331. An "annuity" was included in the other plans that the Supreme Court considered; therefore, an annuity does not necessarily have to provide retirement income to be exempted under 11 U.S.C. § 522(d)(10)(E). Applying the Supreme Court's analysis in *Rousey* to this case, the Court finds that an annuity does not necessarily have to provide retirement income to be exempted under § 2329.66(A)(10)(b).

Although neither the trustee nor the debtor cited to case law interpreting Ohio exemption provision § 2329.66(A)(10)(b), the Court's own research has identified several bankruptcy court decisions applying this provision. *See In re Lindsay*, 261 B.R. 209 (Bankr. S.D. Ohio 2001) (payments under annuity to debtor who was injured in the course of his employment were fully exempt under Ohio workers compensation exemption – § 2329.66(A)(9)(b), but not under § 2329.66(A)(10)(b)); *In re Rhinebolt*, 131 B.R. 973 (Bankr. S.D. Ohio 1991) (payments under annuity to debtor as part of structured settlement did not fit under § 2329.66(A)(10)(b), and, in any event, were not reasonably necessary for the support of the debtor and the debtor's dependents); *In re Simon*, 71 B.R. 65 (Bankr. N.D. Ohio 1987) (same). Although these bankruptcy decisions arguably suggest that the Court should sustain the trustee's objection to the debtor's claim of exemption in this case, for several reasons this Court respectfully disagrees.

First, all three decisions relied, at least in part, on a Fifth Circuit decision from 1987 interpreting an analogous Louisiana exemption provision involving annuities. That decision, *Young v. Adler* (*In re Young*), 806 F.2d 1303 (5th Cir. 1987), was expressly overruled by a later decision of the Fifth Circuit in *In re Orso*, 283 F.3d 686 (5th Cir. 2002) (en banc). In *Young*, the Fifth Circuit rejected an attempt by a debtor, who was an attorney, to claim as exempt the

11

proceeds from an annuity purchased for his benefit and at his direction as payment of legal fees owed to him. In holding that the Louisiana exemption for annuities did not apply to the debtor's situation, the Fifth Circuit in *Young* held that arrangement was essentially an account receivable. In *Orso*, the debtor claimed an exemption with respect to periodic payments owed to him pursuant to a structured settlement from a personal injury action. The bankruptcy court sustained the claim of exemption, and the district court affirmed. A panel of the Fifth Circuit reversed; however, on rehearing en banc, the Fifth Circuit held that the payments under an annuity contract came within the scope of the Louisiana exemption statute for annuities and expressly overruled its prior holding in *Young*: "We hold that the periodic payments to Orso under his structured settlement, flowing as they do from annuity contracts, are exempt from his bankruptcy creditors under Louisiana law . . . ." 283 F.3d at 697. Thus, the circuit court precedent that the three Ohio bankruptcy courts relied upon in disallowing exemptions under § 2329.66(A)(10)(b), is no longer good law.

Second, these Ohio bankruptcy court decisions predate the Supreme Court's unanimous decision in *Rousey*, which interpreted an analogous federal exemption. In *Rousey*, the Supreme Court emphasized that the exemptions under section 522(d)(10) all involved substitutions for wages. While the prior Ohio bankruptcy

court decisions seem to have distinguished between annuities in the nature of retirement and disability pension plans and those set up to fund tort settlements, this distinction is inconsistent with the plain meaning of the statute. Subject to certain exceptions not applicable to this case, the statute exempts "the person's right to receive a payment under any . . . annuity . . . on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the person and any of the person's dependents . . . ." The statute therefore exempts payment under *any* annuity "on account of" – or, as the Supreme Court would say, "because of" – illness, disability, death, age, or length of service. *See Rousey*, 544 U.S. at 326-27 ("Thus, 'on account of' in § 522(d)(10)(E) requires that the right to receive payment be 'because of' illness, disability, death, age, or length of service.").

    While the factual record in this contested matter is sparse, the record does include stipulations that the annuity was created in 1984 on behalf of the debtor's son as a structured settlement of a personal injury claim, and that a special needs trust concerning the annuity was created in 2005. The payment stream of $567.00 per month may very well qualify as a substitution for wages lost as a result of the debtor's son being rendered partially or totally disabled. The record in this case is unclear. Under Rule 4003(c), however, the trustee as the objecting party "has the

13

burden of proving that the exemptions are not properly claimed."  Given that Ohio exemptions are to be liberally construed in favor of the debtor, *see Daugherty*, 504 N.E.2d at 1104-05, payments on an annuity from a structured settlement may be exempt under § 2329.66(A)(10)(b) under appropriate circumstances – for example, where the compensation is related to the person being rendered partially or totally disabled.  Under such circumstances, the payments under the annuity are a substitution for wages "on account of" or "because of" a disability just as payments under an annuity that substitutes wages "on account of" or "because of" a person's age or length of service.  Indeed, in *Rousey* the Supreme Court unanimously rejected the trustee's argument that an IRA was nothing more than a savings account that a person could draw on at any time, with only a penalty for early withdrawal.  Similarly, this Court rejects the assertion that payments from an annuity through a structured settlement are merely a contractual payment on an account receivable.  *See In re Orso*, 283 F.3d at 694-95 ("Funded or fixed annuity contracts, like those that produce Orso's periodic payments, are and have always been stereotypical Louisiana annuity contracts under any definition of the term.").

Furthermore, to help the debtor obtain a fresh start, the Bankruptcy Code permits the debtor to withdraw from the estate certain interests in property, such as a car or home, up to certain values.  *Rousey*, 544 U.S. at 325.  And similar to the

14

federal exemption at issue in *Rousey*, the exemption in this case is limited "to the extent reasonably necessary for the support of the person and any of the person's dependents." Ohio Rev. Code § 2329.66(A)(10)(b). Therefore, regardless of the size of the annuity payments, they are only exempt to the extent that the debtor and her dependents truly need the payments for their support. *See Hamo v. Wilson* (*In re Hamo*), 233 B.R. 718, 723 (B.A.P. 6th Cir. 1999) (listing at least eleven different factors to be considered in determining whether retirement benefits are reasonably necessary for the debtor's support and are therefore exempt under § 2329.66(A)(10)(c)). This limiting provision, included in a number of Ohio exemptions, insures that the exemption for payments under any annuity on account of illness, disability, death, age, or length of service will not be a windfall for the debtor. *See In re Guikema*, 329 B.R. 607 (Bankr. S.D. Ohio 2005) (denying exemption under § 2329.66(A)(10)(b) because annuity payments were not reasonably necessary for the debtors' support).

Nor is this Court troubled by the possibility that, under some circumstances, payments under an annuity from a structured settlement might also be exempt under another statutory provision. *See In re Gaydos*, 441 B.R. 102, 106-07 (Bankr. N.D. Ohio 2010) (under certain circumstances, vehicles may be exempted under Ohio's "tools of the trade" exemption – § 2329.66(A)(5), even though Ohio

15

has a separate exemption for motor vehicles – § 2329.66(A)(2)). *Cf. In re Abbott*, 466 B.R. 118 (Bankr. S.D. Ohio 2012) (benefits from annuity created to compensate debtor for wrongful death of her husband are exempt under Ohio wrongful death exemption – Ohio Rev. Code § 2329.66(A)(12)(b)).

After considering the facts presented to the Court and construing the exemption provided in § 2329.66(A)(10)(b) liberally in favor for the debtor, the Court finds that the trustee did not meet his burden of proof in arguing that the debtor's annuity is not the type of "annuity" that may be exempted under § 2329.66(A)(10)(b).

2.    *May a Debtor Exempt Payments Under an Annuity That Was Not Created for Her Own Benefit?*

Finding that the trustee did not meet his burden of proof in arguing that the debtor's annuity is not the type of "annuity" that may be exempted under § 2329.66(A)(10)(b), the Court now addresses whether a debtor may claim an exemption under § 2329.66(A)(10)(b) in payments from an annuity that was not created for her own benefit. In deciding this issue, the Court considers *In re Chilton*, 674 F.3d 486 (5th Cir. 2012), in which the Fifth Circuit Court of Appeals addressed an analogous situation of an inherited Individual Retirement Account ("IRA").

16

In *Chilton*, the Court analyzed the exemption of an inherited IRA under

11 U.S.C. § 522(d)(12), which provides in pertinent part:

> (d) The following property may be exempted under subsection
> (b)(2) of this section:
>> (12) Retirement funds to the extent that those funds are
>> in a fund or account that is exempt from taxation under section
>> 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal
>> Revenue Code of 1986.

11 U.S.C. § 522(d)(12). The Fifth Circuit stated,

> Most of the courts that have analyzed this issue have concluded that
> inherited IRAs are "retirement funds" as that phrase is used in section
> 522(d)(12). . . . These courts have noted that the statute does not
> explicitly limit "retirement funds" to retirement funds that belong to
> the debtor . . . Accordingly, they have reasoned that "retirement
> funds" can include the funds that others had originally set aside for
> their retirement, as with inherited IRAs.
>> We find the reasoning in these decisions persuasive. The plain
> meaning of the statutory language refers to money that was "set
> apart" for retirement. Thus, the defining characteristic of "retirement
> funds" is the purpose they are "set apart" for, not what happens after
> they are "set apart." Here, there is no question that the funds
> contained in the debtors' inherited IRA were "set apart" for
> retirement at the time Heil deposited them into an IRA.

*In re Chilton*, 674 F.3d at 489 (internal citations and footnote omitted).

In this case, the debtor seeks to exempt her interest in payments under an

annuity that was created for the benefit of her son, who is now deceased. The

applicable statute, Ohio Revised Code § 2329.66(A)(10)(b), provides in pertinent

part:

17

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(10) . . . .

(b) Except as provided in sections 3119.80, 3119.81, 3121.02, 3121.03, and 3123.06 of the Revised Code, the person's right to receive a payment under any pension, annuity, or similar plan or contract, not including a payment from a stock bonus or profit-sharing plan or a payment included in division (A)(6)(b) or (10)(a) of this section, on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the person and any of the person's dependents, except if all the following apply:

(i) The plan or contract was established by or under the auspices of an insider that employed the person at the time the person's rights under the plan or contract arose.

(ii) The payment is on account of age or length of service.

(iii) The plan or contract is not qualified under the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C. 1, as amended.

Ohio Rev. Code § 2329.66(A)(10)(b).

Analyzing § 2329.66(A)(10)(b) under its plain meaning, the statute provides that a person may exempt "the person's right to receive a payment under any . . . annuity . . . ." Here, the debtor has the right to receive payments under the annuity at issue because she inherited that right. Section 2329.66(A)(10)(b) further requires that the right to receive a payment be "on account of illness, disability, death, age, or length of service . . . ." Similar to how the statute in *Chilton* did not

18

explicitly limit "retirement funds" to retirement funds that belong to the debtor, the statute here does not explicitly limit the "right to receive a payment . . . on account of . . . disability" to be on account of only the debtor's disability. There are few facts before the Court that help determine whether the debtor's son was disabled at the time the annuity was originally purchased and whether the annuity was purchased on account of that disability. The facts that are before the Court – that the annuity was purchased with proceeds of a personal injury settlement and a special needs trust was later created – suggest that the annuity was established on account of the debtor's son's disability.

The Court notes that while similarities exist between 11 U.S.C. § 522(d)(12), the statute analyzed in *Chilton,* and Ohio Revised Code § 2329.66(A)(10)(b), the statute at issue here, the Ohio statute has additional language that the payment stream must be "on account of illness, disability, death, age, or length of service." The language in § 2329.66(A)(10)(b), however, does not require that the payment stream was established on account of the *debtor's* illness, disability, death, age, or length of service.

In *Chilton*, when analyzing 11 U.S.C. § 522(d)(12), the Fifth Circuit concluded that with regard to the words "set apart," it was only important that funds were set apart for retirement, not what happened to the funds after they

19

were set apart.  *In re Chilton*, 674 F.3d at 489.  Similarly, in analyzing

§ 2329.66(A)(10)(b), the words "on account of . . . disability" refer to the reason

the annuity was originally created,  not what happens to that annuity after it is

created.  Therefore, if the annuity payments were established on account of the

debtor's son's disability and later inherited by the debtor, then the plain meaning

of § 2329.66(A)(10)(b) suggests that the debtor is not prevented from claiming an

exemption in the annuity payments.

In *In re Kuchta*, 434 B.R. 837 (Bankr. N.D. Ohio 2010), Judge

Morgenstern-Clarren interpreted similar language in addressing whether a debtor

is entitled to claim an exemption in an inherited IRA under § 2329.66(A)(10)(c).

In finding that § 2329.66(A)(10)(c) does not allow a debtor to claim an exemption

in an inherited IRA, Judge Morgenstern-Clarren referenced the reasoning from her

earlier opinion in *In re Reinhard*, No. 08-15357, slip op. (Bankr. N.D. Ohio

March 31, 2010), and stated that § 2329.66(A)(10)(c)

> provides that a debtor may exempt an IRA from a bankruptcy estate
> where the debtor has made the contributions to the IRA and payments
> from the IRA are made by reason of illness, disability, death or age.
> Applying that language, the court held that an inherited IRA is not
> exempt under the Ohio law because the debtor did not contribute her
> funds to it within the meaning of the statute and also because the
> benefits from an inherited IRA are not paid *by reason of illness,
> disability, death or age.*

20

*In re Kuchta*, 434 B.R. at 842 (emphasis added).

Unlike the exemption provision at issue in *Kuchta*, which requires that the person claiming the exemption to have made the contributions to the IRA, the exemption provision at issue in this case – § 2329.66(A)(10)(b) – contains no such analogous requirement. Furthermore, for several reasons, this Court believes that the language in § 2329.66(A)(10)(b) permits a debtor to claim an exemption in a payment stream created on account of another person's "illness, disability, death, age, or length of service."

First, while the character of the IRA in *Reinhard* was changed after the IRA was inherited, the character of the annuity payments at issue here remained the same after the right to those annuity payments was inherited. Once "an IRA is inherited by a non-spouse, the inheriting individual may not roll over any amounts into or out of the IRA, may not make contributions to it, and must begin to take distributions from it in a matter of years . . . ." *In re Reinhard*, No. 08-15357, slip op. at 5 (Bankr. N.D. Ohio March 31, 2010) (citing 26 U.S.C. § 408; 26 C.F.R. § 1.408-2(b)(7); IRS Publication 590 at 20 (2009)). In this case, however, the character of the annuity payments remains unchanged, and the new beneficiary continues to receive the same monthly payment of $567.00.

Second, by including "on account of . . . death" as one of the possibilities

that a payment stream may be claimed as exempt under § 2329.66(A)(10)(b), the language suggests that a debtor may claim an exemption in a payment stream created on account of a person other than the debtor. If the statute were read to only applying to a payment stream created on account of the debtor, then the words "on account of . . . death" would be superfluous because it is impossible for a debtor to collect payments under a "pension, annuity, or similar plan or contract" if the debtor is deceased. Therefore, the only interpretation of the statute that provides meaning to all the words suggests that the payment stream may be created on account of the death or disability of another person.

3.    *Are the Payments Reasonably Necessary for the Support of the Debtor?*

With regard to the requirement of § 2329.66(A)(10)(b) that the exemption is allowed only "to the extent reasonably necessary for the support of the person," the trustee conceded during argument on May 1, 2012, that the funds are reasonably necessary for the support of the debtor, who is apparently a double amputee whose sole income is from Social Security and the annuity payments at issue in this case. Therefore, the Court need not address the factors to be considered in determining whether the payments are reasonably necessary for the debtor's support. *See In re Hamo*, 233 B.R. at 723.

Accordingly, taking into consideration that Ohio exemptions are to be

22

construed liberally in favor of the debtor and that the trustee bears the burden of proof, the Court finds that the debtor may exempt her annuity payments under § 2329.66(A)(10)(b).

## CONCLUSION

For the foregoing reasons, the Court overrules the trustee's objection to the debtor's amended claim of exemptions.

IT IS SO ORDERED.

12-10292-aih    Doc 43    FILED 10/04/12    ENTERED 10/05/12 08:50:15    Page 23 of 23